David Scott HARRISON, Petitioner—
Appellant,

v.

David HELMAN, Warden, et al.,
Respondents—Appellees.

No. 01–56475.

D.C. No. CV–97–00749–JKS.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 3, 2002.

Decided Jan. 2, 2003.

Before REINHARDT, O'SCANNLAIN and PAEZ, Circuit Judges.

MEMORANDUM *

I.

David Scott Harrison, convicted of murder in California state court, appeals the district court's denial of his habeas corpus petition alleging that he is entitled to relief on two grounds. First, Harrison contends that the prosecution withheld evidence in violation of *Brady v. Maryland*, 373 U.S.

* This disposition is not appropriate for publication and may not be cited to or by the courts

83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Second, he argues that he was denied effective assistance of counsel in violation of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The Anti–Terrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254, et al. is applicable. Because the parties are acquainted with the (somewhat unusual) facts and procedural history of this case, we do not repeat them here.

II.

A. Brady *Claim*

■ Harrison fails to set forth facts supporting his contention that information was withheld by the prosecution in violation of *Brady*, namely a tape recording of a conversation between him and jailhouse informant Alan Pace. Pursuant to discovery ordered by the district court, the only two possible witnesses, former prosecutor (and now Magistrate Judge) Larry Burns and former defense investigator William Cassidy, both testified in depositions that the tape had been handed over to the defense. Moreover, Cassidy stated at his deposition that trial counsel Alan May, now deceased, had deliberately decided, after consultation with Harrison, not to use the tape at trial because it contained other evidence prejudicial to the defense.

At oral argument, Harrison argued that Cassidy could not say to a "moral certainty" that the tape in question had been handed over to the defense team, although Cassidy was able to recall its substantive content. Even if *arguendo* the tape had been withheld by the prosecution, Harrison failed to show that the content of the tape was material. The tape contained evidence of only one brief conversation

of this circuit except as provided by Ninth Circuit Rule 36–3.

among many between Pace and Harrison over the course of several months while both were in custody, and there is no reason to believe that it would refute the few statements attributed to Harrison by Pace that Harrison did not himself acknowledge at trial. In light of these circumstances, the district court's denial of an evidentiary hearing on this issue did not violate Harrison's constitutional rights.

## B. *Ineffective Assistance of Counsel Claim*

■ We need discuss only three of the multiple ineffectiveness claims alleged by Harrison. First, Harrison argues that his now-deceased attorney provided ineffective assistance of counsel by calling Thomas Matthews as a defense witness. Matthews's eyewitness account of an argument between the victim and a person who appeared to be Harrison on the day of the murder was important to Harrison's conviction. Because Matthews had testified before the grand jury, trial counsel Alan May knew that there would be both positive and negative aspects to Matthews's testimony. Nevertheless, May chose to gamble and present Matthews's testimony, in the hopes that the trier of fact would accept the exculpatory portions and reject the inculpatory parts. Although the trier of fact did precisely the opposite, and May's decision proved to be an unfortunate one, the gamble constituted a rational tactical judgment. The decision identified by Harrison thus does not fall "outside the wide range of professionally competent assistance." *Strickland,* 466 U.S. at 690, 104 S.Ct. 2052.

■ Second, Harrison contends that May's introduction at trial of two gruesome photographs depicting staged mock murders by Harrison and David Johnson constituted ineffective assistance. The introduction of the photographs, while undoubtedly inflammatory, does not constitute deficient performance. A large part of the defense theory consisted of trying to place responsibility for Anne Jenkins's murder on Johnson. The person wielding the knife in one of the photos is Johnson, and May could reasonably have sought to persuade the finder of fact that participation in the mock murder revealed his willingness to act accordingly in real life. Moreover, given that the trial judge, rather than a jury, determined guilt or innocence, the prejudicial effect of the photographs was insufficient to meet the second *Strickland* standard.

■ Third, Harrison argues that May was ineffective for putting the petitioner on the witness stand at the preliminary hearing and then having him testify at his trial without obtaining a transcript of the preliminary hearing. The decision to put Harrison on the witness stand at his preliminary hearing may reflect less judgment one than might hope for, but we cannot say that the decision falls so far below the normal standard of attorney conduct as to violate the *Strickland* performance standard. While the decision may ultimately have proved to be wrong, May's choice reasonably reflected a judgment that Harrison's testimony at the preliminary hearing might have led to a favorable result in a case that rested entirely on circumstantial evidence. We do not consider whether May's failure to obtain the transcript of Harrison's testimony at the preliminary hearing was objectively unreasonable because we conclude that there was insufficient prejudice from the error for purposes of *Strickland.*

The remaining claims of ineffective assistance of counsel are without merit.

AFFIRMED.